Filed 3/25/26  P. v. Henry CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086024 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD303028) |
| CASAIAH HENRY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Aimee Solway, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

In October 2024, a jury convicted Casaiah Henry of evading a peace officer with reckless driving.  (Veh. Code, § 2800.2, subd. (a).)  He admitted to a prior strike conviction.  (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, and 668.)

In January 2025, the trial court sentenced Henry to a low term prison sentence of 16 months, doubled to 32 months for the strike prior. He appeals.[1] His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We notified Henry of his right to file a supplemental brief, and he has not done so. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

On April 9, 2024, Henry worked as a "lot porter" for the Hyundai of El Cajon car dealership. That day he was asked to perform a smog test on a 2015 Dodge Challenger. Henry drove the Challenger off the lot in the morning before lunch. At around 12:30 p.m., two uniformed police officers patrolling in a fully marked black and white patrol vehicle saw the Challenger "odd[ly]" parked in the middle of the street. As the officers approached the Challenger, its driver—later identified as Henry—took off "at a high rate of speed." The officers went into pursuit with their lights and sirens activated.

Henry evaded the officers for 3 minutes and 16 seconds and for a span of 2.25 miles through a residential neighborhood with a 25 miles per hour speed limit. Three times during the pursuit, the officers lost sight of Henry, in part due to his speed. But when in view, the officers saw Henry drive through an intersection without stopping at the stop sign, negotiate a "very tight" street that caused the officers concern for public safety, not slow down at speed bumps, and run a second stop sign. For the most part, Henry was driving faster than the 50 miles per hour maintained by the officers. The

---

[1] We granted Henry's unopposed request for constructive filing of his April 15, 2025 notice of appeal.

officers called for other officers and a helicopter to respond. Henry was eventually arrested in "a high-risk vehicle stop" by officers with guns drawn.

As noted, Henry's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Counsel identifies the following potential issues to assist the court in its review: (1) "[w]hether the court erred in denying the defense motion for mistrial due to belated discovery"; (2) "[w]hether CALCRIM No. 2181 required a unanimity instruction"; and (3) "[w]hether the trial court abused its discretion in denying the defense *Romero*[2] motion to strike a prior conviction." (Boldface omitted.) We have reviewed the entire record as required by *Wende* and *Anders* and considered the potential issues identified by Henry's counsel. We find no arguable issue that would result in reversal or modification of the judgment. Competent counsel has represented Henry in this appeal.

---

2    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

## DISPOSITION

The judgment is affirmed.

DO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

4